UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    -against-

FRANK PARASMO,

                Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CR-1 (JMA)

FILED
CLERK
2:55 pm, Sep 03, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Jacquelyn M. Kasulis
    Acting United States Attorney
Charles P. Kelly
Michael R. Maffei
    Assistant United States Attorneys
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

Stephen P. Scaring
666 Old Country Road Suite 501
Garden City, New York 11530
    *Attorney for Defendant Frank Parasmo*

**AZRACK, United States District Judge:**

Defendant Frank Parasmo ("Defendant") is a physician charged with thirty-five counts of prescribing controlled substances without a legitimate medical purpose. (ECF No. 17.) Currently before the Court is Defendant's motion in limine to preclude "unnoticed and cumulative expert opinion evidence." (ECF Nos. 87, 92.) The Court heard oral argument from the parties on this motion on September 1, 2021 and denied it on the record. The Court is also in receipt of Defendant's supplemental letter following the conference. (ECF No. 99.) The Court issues this order to supplement its oral decision.

Defendant seeks to preclude testimony from physicians who treated certain of Defendant's patients at the same time that Defendant treated them. He argues that their testimony would be "unnoticed and cumulative expert testimony." (ECF No. 87.) In response, the government explains that these physicians will not be called as expert witnesses, but rather as fact witnesses "to testify about the treatment that they rendered to these patients while in their care." (ECF No. 90.) However, the Government concedes that it will not elicit "any opinions from these treating physicians 'regarding the legitimacy of the treatment furnished by Dr. Parasmo.'" (Gov't Aug. 23, 2021 Ltr. at 1, ECF No. 90.)

"Courts in this circuit have held that treating physicians may testify as fact, rather than expert, witnesses." Ali v. Connick, No. 11-CV-5297, 2016 WL 3002403, at *7 (E.D.N.Y. May 23, 2016) (citations omitted). "Whether a treating physician is considered an expert, subject to expert disclosure requirements, depends, not on his or her title as a 'treating physician,' but upon the nature of the testimony the physician intends to provide at trial." In re World Trade Ctr. Lower Manhattan Disaster Site Litig., No. 06-CV-1520, 2014 WL 5757713, at *3 (S.D.N.Y. Nov. 5, 2014) (citing Fed. R. Evid. 701). Specifically, "[t]estimony as to facts or opinions formed during a consultation with a patient are admissible absent [] expert disclosures." Id.; see also Ali, 2016 WL 3002403, at *9 ("Under the scope of the non-expert treating physician testimony . . ., treating physicians may testify as to facts acquired and opinions formed during [ ] personal consultation . . . .") (emphasis in original, internal quotations omitted).

The Court agrees with this authority and concludes that the treating physicians may testify as fact witnesses at trial. The Court finds that, generally, the testimony the government seeks to elicit from these witnesses does not constitute expert testimony.

2

Because the Court concludes that these treating physicians are not providing expert testimony, the government is not required, for these witnesses, to provide Defendant with the disclosures mandated by Federal Rule of Criminal Procedure 16(a)(1)(G) for expert witnesses. Nonetheless, in an abundance of caution and to assist the Court in determining what specific testimony from these witnesses the Court will admit at trial, the Court directs the government to provide Defendant and the Court with a written summary of the testimony for these witnesses that "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). The Government shall provide this written summary to Defendant and the Court by Wednesday, September 8, 2021.[1]

Relatedly, Defendant also seeks to preclude the government from introducing contemporaneous medical records that the treating physicians produced while treating the patients. (ECF No. 87-1 at ¶ 21.) The Court denies this application. As an initial matter, Defendant has not pointed to any specific portions of the medical records that he believes constitute expert opinions. Instead, he generally asks that the Court preclude the government from introducing any medical records of the treating physicians. Given this lack of specificity, the Court finds no basis to exclude any of the medical records. Moreover, the Court already concluded that, generally, the testimony the government seeks to elicit from the treating physicians does not constitute expert testimony. For the same reasons, the Court has no reason to believe that the contents of the medical records—which were created contemporaneously with the physician's treatment of the patient—would constitute expert testimony. Of course, at trial, Defendant can raise any objections he has to specific exhibits and specific statements within those exhibits.

---

[1] Even assuming arguendo that certain testimony that the government seeks to elicit from the treating physicians would constitute expert testimony, the Court finds that it would be appropriate to permit late disclosures under Rule 16(a)(1)(G). The defense was already aware that Dr. Waldman would testify as an expert on similar issues. Moreover, the defense already received, on August 6, 2021, the 3500 material for the treating physicians and medical records.

Defendant also seeks to preclude testimony from the patients themselves about their consultations with the treating physicians. (ECF No. 87-1 at ¶ 21.) Defendant argues that their testimony would amount to the admission of expert testimony "through the backdoor." (Id.) The Court disagrees. The patients are clearly fact witnesses, not experts, and may testify that they consulted with their treating physicians and that the treating physicians prescribed them certain treatments. Their recounting of their treatment from these physicians is not an expert opinion. The Court also denies Defendant's blanket hearsay objection to the patients' testimony about what their doctors told them.

Finally, in addition to arguing that the testimony from the treating physician constitutes expert testimony, Defendant also maintains that these witnesses should be excluded because they are cumulative. That objection is meritless.

Accordingly, Defendant's motion to preclude the testimony of the treating physicians is **DENIED**. However, the government is directed to provide a written summary of the testimony that it intends to elicit from the treating physician witnesses by September 8, 2021.

**SO ORDERED.**

Dated: September 3, 2021
      Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE