FILED
CLERK

10:59 am, Jun 21, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,        **ORDER**
                                                   19-CR-1 (JMA)

      -against-

FRANK PARASMO,

                              Defendant.
------------------------------------------------------------------------X
**AZRACK, United States District Judge:**

        The defendant, Dr. Frank Parasmo ("Parasmo") was convicted on October 7, 2021 on 32 counts of unlawfully distributing oxycodone and hydrocodone in violation of the Controlled Substances Act, 21 U.S.C. § 841(a). On January 30, 2023, the Court denied Parasmo's motions for acquittal or, in the alternative, for a new trial. (Memorandum & Order ("M&O"), ECF No. 156.) Judgment was entered on May 25, 2023, sentencing Parasmo to 36 months' imprisonment. Parasmo filed a notice of appeal the following day. He now moves for bail pending appeal. (Ltr. Mot. for Bail Pending Appeal ("Parasmo Mot."), ECF No. 167.)

                                          **I.     LEGAL STANDARD**

        Under the Bail Reform Act, 18 U.S.C. §§ 1343, et seq., where a conviction involves a drug offense subject to a sentence of 10 years or more under the Controlled Substances Act, the defendant must be detained pending appeal. 18 U.S.C. § 3143(b)(2); see also id. § 3142(f)(1)(C). However, a defendant convicted of such a crime may be released pending appeal if the court makes certain findings.

        "[S]ection 3143(b)(1) supplies the threshold requirements that a person convicted of a . . . crime [under the Controlled Substances Act] must meet" in order to secure bail pending appeal. United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991). The court may only grant bail

pending appeal where all four of the following conditions are satisfied: (1) the court finds "by clear and convincing evidence" that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. 18 U.S.C. § 3143(b)(1). "[T]he burden of persuasion rests on the defendant" to demonstrate that all four threshold conditions are satisfied. United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (citing S. Rep. No. 225, 98th Cong., 2d Sess. 26).

If the court finds the section 3143(b)(1) conditions satisfied, it then must consider whether it has been "clearly shown that there are exceptional reasons why [the defendant]'s detention would not be appropriate." 18 U.S.C. § 3145(c); see also DiSomma, 951 F.2d at 496.

## II.    DISCUSSION

Turning to the first of the four threshold conditions identified in section 3143(b)(1), the Court finds by clear and convincing evidence that Parasmo is not likely to flee and does not pose a danger to the safety of the community. Parasmo is 78 years old, has no criminal history of any kind, and has complied fully with the conditions of his release. (Parasmo Mot. at 2–3.)[1]

Second, the Court also agrees with Parasmo that his appeal is not for the purpose of delay. (Id. at 3.)[2]

To satisfy the third and fourth conditions under section 3143(b)(1), Parasmo must

---

[1] Moreover, the Government fails to even address—let alone dispute—Parasmo's argument that he satisfies this condition. See United States v. Mendlowitz, No. 17-CR-248, 2021 WL 4892860, at *4 (S.D.N.Y. Oct. 20, 2021) (noting that the Government "arguably waived their right to challenge [defendant]'s argument that he is not [a] flight risk or a danger to the community" by failing to address or dispute defendant's argument) (citations omitted).

[2] Again, the Government does not address or dispute whether this condition is satisfied.

2

demonstrate that his appeal raises a "substantial question" of law that, if determined favorably to him, is likely to result in an order for a new trial. The Second Circuit has explained that a "substantial question" is "a 'close' question or one that very well could be decided the other way." Randell, 761 F.2d at 125 (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). If the question raised on appeal is "substantial," the court "must then consider whether that question is 'so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" Id. (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)).

Parasmo contends that he satisfies these conditions because his appeal will raise "substantial questions of law relating—first and foremost—to the Supreme Court's recent decision in Ruan v. United States, 142 S. Ct. 2370 (2022), which issued after the verdict in this case. . . . [and] overturned longstanding Second Circuit precedent as to the Government's burden of proof" in prosecutions of physicians under section 841. (Parasmo Mot. at 3.) He argues that those questions—specifically, his challenge to the Court's jury instructions regarding the required mens rea under section 841—would, if resolved in his favor, require a new trial.

The Government disagrees that Parasmo's appeal presents a substantial question, citing the Court's rejection of his arguments in the M&O. (Gov't Ltr. Opp'n at 2–3, ECF No. 169.) However, the Government's argument misses the mark. To find that an appeal presents a substantial question, the Court need not "certify that it is likely to be reversed." Randell, 761 F.2d 124–25 (citation omitted). Instead, as noted above, the alleged substantial question must simply be a "'close' question or one that very well could be decided the other way." Id. (citation omitted). Parasmo easily clears this "very undemanding" hurdle. United States v. Ash, No. 19-CR-0780, 2022 WL 15157528, at *2 (S.D.N.Y. June 30, 2022).

In Ruan, the Supreme Court held, for the first time, "that § 841's 'knowingly or

3

intentionally' mens rea applies to the 'except as authorized' clause," in addition to the statute's actus reus ("manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"). 142 S. Ct. at 2376. The Second Circuit has not yet applied Ruan. And while other Courts of Appeals have evaluated jury instructions under the standard announced in Ruan, they have reached disparate conclusions based on the instructions at issue in each case. Compare United States v. Ruan, 56 F.4th 1291, 1296–98 (11th Cir. 2023) (vacating convictions under section 841 and remanding for new trial) with United States v. Anderson, 67 F.4th 755, 764–66 (6th Cir. 2023) (affirming convictions under section 841). As a result—and notwithstanding the Court's conclusions in the M&O—it remains to be seen whether the Court's jury instructions regarding section 841 pass muster under Ruan (and if they do not, whether any error was harmless). Because the issues raised by Parasmo "very well could be decided the other way," Randell, 761 F.2d at 125, the Court finds that his appeal presents a "substantial question." Therefore, he has satisfied the third condition.

Finally, even the Government does not dispute that the challenged jury instructions regarding section 841 are "so integral to the merits of the conviction . . . that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Randell, 761 F.2d at 125. Accordingly, Parasmo has satisfied all four threshold conditions under section 3143(b)(1).

Next, the Court must determine whether Parasmo has also "clearly shown that there are exceptional reasons why [his] detention would not be appropriate" pending his appeal. 18 U.S.C. § 3145(c); see also DiSomma, 951 F.2d at 496. "'Exceptional reasons' exist . . . where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" United States v. Colon, 821 F. App'x 39, 41 (2d Cir. 2020) (quoting DiSomma, 951 F.2d at 497). "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as exceptional." United States v. Lea, 360 F.3d

4

401, 403 (2d Cir. 2004) (internal quotation marks and citation omitted). For example, "an unusual legal or factual question can be sufficient . . . to meet the test," as well as "a substantial question . . . in the presence of one or more remarkable and uncommon factors." DiSomma, 951 F.2d at 497; see also United States v. Sabhnani, 529 F. Supp. 2d 377, 382 (E.D.N.Y. 2007) (explaining that courts may consider a "wide range" of factors, including: "(1) the nature of the defendant's criminal conduct; (2) the defendant's prior record; (3) the length of the future prison sentence; (4) circumstances that may render the hardships of prison unusually harsh, such as illness or injury; (5) the likelihood of success on a pending appeal; and (6) whether the defendant was unusually cooperative with the government." (citing United States v. Garcia, 340 F.3d 1013, 1018–22 (9th Cir. 2003)).

As discussed above, Parasmo's appeal presents issues of first impression which, if decided in his favor, will merit relief. The presence of these issues, combined with Parasmo's (i) nonexistent flight risk, (ii) lack of a criminal record, (iii) advanced age, and (iv) documented health issues, (see Presentence Investigation Report, ECF No. 145), represent "exceptional reasons" rendering his detention pending appeal inappropriate. See DiSomma, 951 F.2d at 498 (finding "exceptional reasons" present where defendant raised "substantial question on appeal" and "pose[d] no risk of flight and no danger to the community"); see also United States v. Tesher, No. 17-CR-523, 2019 U.S. Dist. LEXIS 126770, at *2–4 (E.D.N.Y. July 30, 2019) (physician convicted under section 841 presented "exceptional circumstances" based on his old age, poor health, absence of criminal record, and lack of flight risk, among other factors). As a result, Parasmo has satisfied section 3145.

### III. CONCLUSION

For the reasons stated above, Parasmo's motion for bail pending appeal is GRANTED.

**SO ORDERED.**

Dated: June 21, 2023
Central Islip, New York

                                                /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE